REQUESTED BY: Senator Carol McBridge Pirsch Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator Pirsch:
You have asked whether it is necessary for the Legislature to pass an appropriations bill to fund LB 269.
LB 269 is a bill which amends Neb.Rev.Stat. § 24-201.01
(Reissue 1979). In this bill, the salary of the judges of the Supreme Court is increased as soon as the same may be paid by five percent. It also increases annually in January of 1984, 1985 and 1986, the salary of the Supreme Court judges by five percent. The companion bill to LB 269A by virtue of receiving an insufficient number of votes failed to pass. That bill was an appropriation from the general fund of the funds necessary to provide for the increases mandated in LB 269. In your letter you have referred to two previous opinions regarding similar questions issued by this office. Opinion No. 251, dated April 16, 1982; and Opinion No. 57, Report of the Attorney General 1957-58. You indicate your belief that these opinions do not answer the question you pose.
We adhere to the views expressed in those prior opinions. As you correctly point out, those opinions were dealing with salaries of the Commissioner of Education in case of Opinion No. 57, and in the case of Opinion No. 251 judges salaries. You attempt to draw the distinction between the fact that the Commissioner of Education salary is set by the Board of Education and the cases relied upon in our earlier opinions dealt with officers whose salary was set at a specific amount by the Constitution itself. Indeed,Weston v. Herdman, 64 Neb. 24, 89 N.W. 384 cited in our opinion, dealt with the salary of the Clerk of the Supreme Court. In that case, the constitutional provision provided that the official salary shall be fixed by law not to exceed $1,500 per annum. The Legislature failed to fix any salary for that office. The Supreme Court held in that case that by virtue of their failure to act the Legislature had acquiesced in the salary of $1,500 for the clerk. In the current instance the constitutional provision simply states that the judges shall be paid in an amount to be determined by the Legislature. See, Article V, Section 13.
By adopting LB 269, the Legislature has determined the amount to be paid to the Supreme Court judges. In addition, the Legislature adopted LB 111, Eighty-Seventh Legislature, First Session (1981). In that bill, the Legislature established the rates of salary for judges of the district court, the county court, the municipal court, and the workmen's compensation court. This bill established those judges salaries at a percentage of that set for the Supreme Court. Having enacted a statute which sets the level at which judges are to be paid, the Legislature thereby met the constitutional command. The reasoning of the cases cited in our earlier opinions and the Supreme court cases cited therein, make clear that once this is done then even though there is a failure of the Legislature to appropriate funds, those salaries must be paid by virtue of their constitutional status.
It is therefore our opinion that the Legislature is not required to adopt an appropriations bill before the salaries for these judges as set forth in LB 269 and LB 111 of 1981 may be paid.
Very truly yours, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General